## J. W. DUNN ET AL *v.* J. V. CONN ET AL.

**Substitution—Judicial Sale—Purchaser Substituted for Rights of Creditor.**
    A purchaser of land at an execution sale, becomes substituted to the rights of the creditors, in a subsequent suit to assert claim to the land by assignment of a title bond.

**Same—Creditors.**
    As against creditors, the assignees claim to the land does not depend alone upon proof of the fact that he was a purchaser from his fraudulent vendor, without notice of his fraudulent purpose, but upon evidénce of the additional fact that he was a purchaser for a valuable consideration.

**Fraudulent Conveyances—Debtor and Creditors.**
    A sale of property made to defraud creditors is valid against the fraudulent vendor and his representatives, and also valid against all merely voluntary conveyances subsequently made by him.

**Evidence—Recitals of Consideration in Assignment of Bond for Title.**
    While the recital in an assignment of a bond for title, that it was made for a valuable consideration, is evidence as between the parties thereto, it is not evidence of the facts recited, nor for any purpose as against strangers.

**Vendor and Purchaser—Vendee as Subsequent Renter of Land.**
    An alleged vendee of a tract of land who was present at a subsequent rental of same by a commissioner as the land of his vendor, and is the

highest bidder therefor, and does not make known his ownership, cannot afterwards set up claim to same as against the rights of creditors.

**Same—Estoppel—Parol Sale.**
    A vendor of a parol sale of land, to whom all but a small portion. of the purchase money was paid, possession having been given the vendee, and who in an answer to a suit for specific performance, admits the parol sale, but declines to perform further, claiming a breach of contract, is estopped from pleading the statute for a specific execution as to creditors of the vendee.

**Same—Rescission.**
    Nor can a rescission of the contract be had, as against the creditors, both the vendor and vendee, being co-defendants to a suit for specific execution. ·

**Same—Statements of Vendor at Judicial Sale—Estoppel.**
    A vendor of a parol sale, who is asked regarding the title of his vendee, at a judicial sale of the interest of the vendee, and answers that the vendee has a perfect title thereto, is estopped to assert ownership subsequently, whether his statements were true or false.

**Same.**
    The law holds the vendor bound by his statements, and will not allow him afterwards to assert a title, in opposition to the title of the purchaser at the sale.

APPEAL FROM CARROLL CIRCUIT COURT.

September 22, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

At a judicial sale of the lands of appellant, Dunn, appellee, Conn, claims to have purchased, beside other tracts two parcels which Dunn had previously purchased by executory contract of one, Darling, and which Darling had never conveyed to him, although Dunn had paid him all the purchase money therefor, and this suit in equity was brought by Conn and others against Dunn and others, to enforce the execution of the contract between Dunn and Darling and to procure the title to be made to Conn.

The relief sought is resisted by appellants.

*First* as to a tract of about 20 acres, upon the ground that before the sale under which Conn purchased was made, that Dunn

had for a valuable consideration sold the same to appellant, R. Metcalf, and assigned the bond of Dunn for a title to him.

Second. As to the other tract of about 6 and one-half acres, the contract for the sale of it was by parol, and as Dunn had not paid all the purchase money for it, the contract had by mutual consent been rescinded, and Darling was the owner of the last named parcel.

To sustain his claim to the 20 acres, Metcalf filed with his answer and as a part thereof, Darling's title bond to Dunn, with the assignment of the latter to himself proven in a deposition taken in another suit, a copy of which it made evidence in this case, and to pay said indebtedness, or a part of it, the land now claimed by Metcalf was sold under a judgment of the Caroll circuit court, at which sale Conn purchased. He therefore, must be regarded as creditor, for he certainly has taken the place of the creditors whose debts he paid and undertook to pay by purchasing the land.

The pecuniary embarrassments of Dunn could not have been unknown to Metcalf, they were friends, had been engaged in the same busines, if not conected in business, lived near each other and were frequently together. And notwithstanding Dunn's failing circumstances, Metcalf took the assignment of Darling's title bond without a witness to the transaction, proves by no one what he paid, or that anything was in fact paid for the land, but con tents himself by the most elaborate evidence of the pursuits of his early life, with the recitals in the assignment and adding thereto the testimony of some witnesses, that they had seen him with considerable sums of money, and his ability, in their opinion, to pay for the land. This transaction between Dunn and Metcalf was attacked by Conn and others as a fraudulent transfer of the title bond on Darling, to defeat the creditors of Dunn in their efforts to subject the land to the payment of their debts, and to hold it for Dunn's benefit.

As against the creditors, Metcalf's right to the land did not depend alone upon proof of the fact that he was a purchaser from his fraudulent vendor, without notice of his fraudulent purpose, but upon evidence of the additional fact that he was a purchaser for a valuable consideration.

A sale of property made to defraud creditors is valid against the fraudulent vendor and his representatives, and is also valid

14

against all merely *voluntary conveyances* subsequently made by him. In a contest with the creditors of his vendor, therefore, it developed on Metcalf to prove that he was a purchaser for a *valuable consideration.* And this proof he has failed to make. The assignment on the bond recites that it was made for a valuable consideration, but that, while it is evidence as between the parties thereto, is no evidence of the facts recited, nor for any purpose whatever against strangers. It is not even satisfactorily proved that the assignment was made prior to the sale to Conn, by the master, it bears a date anterior thereto, but there is no sub-scribing witness to the assignment, and no evidence offered that the assignment was made on the day it bears date. This doctrine is settled in *Edwards v. Ballard, 14 B. M., 289,* and other adjudged cases before and since that case.

But there is another circumstance of controlling influence. It appears from the evidence of Butler the master, that he, in April, 1862, after the date of the alleged assignment to Metcalf, under an order of the court, proceeded to rent this land to the highest bider, and that Metcalf being the highest bidder became the renter thereof, and it is not proved that he then set up any claim to this parcel of land, or objected to the renting of it by the master. This conduct is irreconcilable with the fact that he was then the actual owner of the land, or that he had by a valid and enforceable contract acquired any right to it. And even if he purchased and procured the assignment in good faith, he was a purchaser *pendente lite,* and could be in no better condition than his vendor was in. So that in any view of the case, Metcalf's claim to this parcel must fail.

As to the 6 and one-half acres claimed by Darling, he says in his answer that he, by a parol agreement with Dunn, made in March, 1857, promised to convey the same to him when he paid him $525, having confidence at the time of his ability to pay said sum. And under said agreement he and Dunn erected the post and rail fence mentioned in Conn's petition, by which said parcel of land was enclosed on Dunn's side of the fence.

But the vendor in his answer says that after he made said contract with Dunn, and before he had paid him all his purchase money, Dunn failed in busines, and he then at the time of preparing his answer, refuses to be bound by his contract, and as it was in parol he had long since considered it abrogated, and in no

way binding on himself, either in law or morality, and he therefore refuses to comply with the same.

The price of the land, its identity, in short the whole contract for the sale, is admitted, and a refusal to execute it, is placed upon the ground that it was not reduced to writing, and the allegation that the purchase money was not *all paid*. How much of the purchase money remained unpaid does not appear from the answer, a very small and insignificant part might be unpaid, and the answer in letter be true. But if it be conceded that notwithstanding the admission of the terms of the agreement for the sale of the land, the statute is sufficiently pleaded in the answer to defeat a specific execution between the vendor and vendee, still can Darling avail himself of it against Conn? Or in other words, is he not estopped by his own conduct and statements from availing himself of the statute, or to defeat an execution of the contract?

It is perfectly certain that there never has been a formal rescission of the contract for the sale of the land between Dunn and Darling. According to Darling's own statement, in a deposition given by him in the case, $500 of the purchase money was paid, leaving only $25 unpaid. The amount thus received by him he does not pretend to have accounted for, but Dunn says it has nearly been paid back in the use of the land, that is certainly liberal on his part, he manifests a willingness to account for use and occupation, pay rent on land for which he has paid all the price, or on any hypothesis, all but $25, and charge no interest on the sum paid. It is not to be believed that in a settlement and rescission of the contract between these parties, and where no creditors were interested, that Mr. Dunn would be willing to acount to Mr. Darling for rents, and waive his right to his purchase money with interest. And the failure to show that the contract was rescinded on such terms is evidence conclusive that it never was in fact rescinded and the pretence that is was was an effort to deprive the creditors of Dunn of that they are justly and legally entitled to.

But it is expressly alleged in the amended petition that Conn called on Darling to know whether Dunn had a right to the land both before, at, and after the sale of it by the commissioner, and he told him he had, and that he, Darling, had conveyed the land to him. Darling denies being present at the sale, or making any

statement to that effect on that occasion, but does not deny having made it at other times before and since the sale, but attempts to qualify them by stating that he was not aware that the inquiry applied to and embraced the 6 and one-half acres. If he claimed that parcel, he should have then disclosed, the inquiry was general as embracing all the land he sold to Dunn, and the answer was as broad as the inquiry. And the expression is not unwarranted, that he then believed that he had in fact conveyed both parcels to Dunn, and that this claim is now asserted upon the discovery that the conveyance had not been made.

But be that as it may, Darling told Conn that Dunn's title was complete, and Conn acted upon that statement, and whether true or false, it closes his mouth.

He knew the land was to be sold by a judgment of the Carorll circuit court, as Dunn's property. It was in Dunn's possession, inclosed by a substantial fence with the other lands of Dunn. Darling was called on by Conn to know whether he had sold the land to Dunn, and how it was held, and was informed by Conn that his purpose was to purchase the land if there was no diffi-culty in the title, and he not only failed to notify Conn of his claim, but asured him Dunn's title was good, and Conn pur-chased the land for a valuable consideration.

To allow him under such circumstances to dispute the validity of the purchase, would be obviously unjust. The law holds him bound by his statement, and will not alow him afterwards to assert a title in opposition to the title of the purchaser at the sale. *Tom Davis v. Tingle, et al, 8 B. Mon., 539 ;Brothers v. Porter, etc., 6 B. M., 112, 113; 1 Greenleaf on Ev., Secs. 207-8.*

Wherefore, the judgment is *affirmed.*

*Cox, for appellants.*

*Winslow, Rodman, for appellees.*